IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 312 WCM

MINDY WITZBERGER,           )
                            )
        Plaintiff,          )
                            )
                            )    MEMORANDUM OPINION
v.                          )        AND ORDER
                            )
ANDREW M. SAUL,             )
Commissioner of the Social  )
Security Administration,    )
                            )
        Defendant.          )
_____)

This matter is before the Court on the parties' cross motions for summary judgment.[1] Docs. 11 & 13.

I. Procedural Background

On July 15, 2015, Plaintiff filed applications for supplemental security income and child disability benefits. Transcript of Administrative Record ("AR") pp. 196-204. Plaintiff originally alleged a disability onset date of September 14, 1996, but later amended her alleged onset date to July 10, 2015. AR pp. 196 & 13.

Following denial of Plaintiff's claims on initial review and reconsideration, a hearing was conducted in Charlotte, North Carolina, where

---

[1] The parties have consented to the disposition of this matter by a United States Magistrate Judge. Docs. 9 & 10.

1

Plaintiff appeared and testified. AR pp. 34-70. Plaintiff was represented by counsel at the hearing.

On October 12, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 10-28. The Appeals Council denied Plaintiff's request for review of that decision and on October 30, 2019, Plaintiff timely filed the instant action. AR pp. 1-6; Doc. 1. Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905.[2] The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a

---

[2] A claim made for disabled child's insurance benefits "is analyzed under the same five-step sequential process used to determine disability for purposes of disability insurance benefits and supplemental security income, and the claimant must also have a disability that began before [he] reached age 22." Hicks v. Colvin, No. 7:12-cv-618, 2014 WL 670916, at * 2 n. 2 (W.D. Va. Feb. 20, 2014) (citations omitted); see also 20 C.F.R. § 404.350(a)(5).

2

severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

## III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of "Turner Syndrome (status post aortic coarctation with excision and end-to-end anastomosis 1997, ascending aorta dilation, bicuspid aortic valve with mild stenosis), Supraventricular tachycardia (SVT), Chronic Edema, Cleft Pallet (status post repair in 1999)." AR p. 16.

The ALJ found that Plaintiff had the RFC to perform sedentary work with certain physical and environmental restrictions, was "limited to simple,

routine and repetitive tasks but not at a production pace," and would be "off take 10 percent of the workday in addition to normal breaks." AR p. 18.

Applying this RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and therefore Plaintiff was not disabled since her amended alleged onset date (July 10, 2015) through the date of his decision (October 12, 2018). AR p. 23.

### IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether

4

the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Analysis

Plaintiff argues that: (1) the ALJ failed to resolve an apparent conflict between the representative occupations identified by the vocational expert ("VE") and the reasoning levels for those occupations as set out in the Dictionary of Occupational Titles ("DOT"); (2) the ALJ failed to incorporate a limitation in Plaintiff's RFC with respect to her inability to read numbers, signs, and symbols; and (3) the ALJ's decision must be vacated because at the time of the June 20, 2018 hearing, the ALJ "was not appointed by the President, Courts of Law or Head of a Department" and therefore was in violation of the Appointments Clause of the United States Constitution.

Because this matter will be remanded based on Plaintiff's second assignment of error, the undersigned does not reach Plaintiff's argument regarding an apparent conflict between the VE's testimony and the DOT reasoning levels or Plaintiff's contention that remand is required based on violation of the Appointments Clause.

In his October 12, 2018 Decision, the ALJ explained that Plaintiff

> testified she received special education services in school. The evidence show[s] that the end of the course test administrator only read directions and the word

5

> problems due to an inability to read numbers, signs and symbols, but that she graduated with a weighted GPA of 3.1935.

AR p. 22 (citing AR p. 235).[3]

The ALJ subsequently relied on the occupations of Order Clerk (DOT 209.567-014) and Document Preparer (DOT 249.587-018) as representative occupations that could be performed by a claimant with Plaintiff's RFC and background in finding Plaintiff was not disabled. AR pp. 22-23. The DOT provides that the occupation of Order Clerk requires, *inter alia*, that an individual be able to record "order and time received on ticket to ensure prompt service, using a time-stamping device" and "collect charge vouchers and cash for service…." 1991 WL 671794. The occupation of Document Preparer requires, *inter alia*, that an individual be able to stamp "standard symbols on pages or insert[] instruction cards between pages" and insert materials in folders "for processing according to index code and filming priority schedule." 1991 WL 672349. Both occupations indicate a math level of "1," which is described as the ability to "[a]dd and subtract two-digit numbers," "[m]ultiply and divide 10's and 100's by 2, 3, 4, 5," and "[p]erform the four basic arithmetic operations with coins as part of a dollar." Id.

Plaintiff argues that despite the ALJ "acknowledging that she was

---

[3] Plaintiff's high school transcript indicates that she graduated on June 10, 2015. AR p. 230.

6

unable to read numbers, signs and symbols without assistance (in high school), the ALJ included no restriction regarding her ability to read numbers, signs or symbols in the RFC." Doc. 12, pp. 7-8. Plaintiff further contends that the ALJ's failure to include such a limitation was harmful error because the representative jobs identified by the ALJ require the ability to read numbers, signs, and symbols. Id. at p. 8.

In response, the Commissioner argues that Plaintiff's RFC is supported by substantial evidence and that despite the ALJ's acknowledgment that Plaintiff has an inability to read numbers, signs, and symbols, Plaintiff's high school grades demonstrate that her reasoning, arithmetic, and language skills are sufficient for the representative jobs. Doc. 14, p. 10.

When developing a claimant's RFC, the ALJ is "required to include limitations he believes to be supported by the record." Jackson v. Astrue, No.5:11cv185, 2012 WL 6599340 at * 2 (N.D. W.Va. Dec. 18, 2012); see also Burke v. Colvin, No. 1:12-cv-263-MOC, 2014 WL 268699, at * 5 (W.D.N.C. Jan. 23, 2014) (remanding where ALJ's opinion supported a finding that ALJ assigned controlling weight to an opinion setting out a particular limitation but "mistakenly failed to incorporate such limitation into the RFC.").

Here, the ALJ seemed to acknowledge Plaintiff's difficulty reading numbers, signs, and symbols, but did not explicitly find that Plaintiff's inability to read numbers, signs, or symbols had resolved following her

7

completion of high school, nor did the ALJ explain why Plaintiff's "weighted GPA" was relevant to her ability to read numbers, signs, or symbols. Under these circumstances, the ALJ should have included either a limitation regarding Plaintiff's ability to read numbers, signs, or symbols in Plaintiff's RFC or explained why such a limitation was not necessary. Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (remand "'may be appropriate … where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.") (internal citations omitted).

Accordingly, the undersigned will order remand on this basis.

## VI. Conclusion

Considering the foregoing, Plaintiff's motion for summary judgment (Doc. 11) is **GRANTED** and the Commissioner's motion for summary judgment (Doc. 13) is **DENIED.**

Signed: August 21, 2020

W. Carleton Metcalf
United States Magistrate Judge